IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLINE SMITH, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No.: 1:24-CV-00010-MLB-LTW |
| § | |
| AMERICAN COACH LINES OF § | |
| ATLANTA, INC., § | |
| § | |
| Defendant. § | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant, American Coach Lines of Atlanta, Inc. (the "**Company**"), by and through its undersigned counsel, hereby files the instant Answer and Affirmative Defenses to the Complaint (the "**Complaint**") of Plaintiff, Willine Smith ("**Plaintiff**"). Defendant denies each and every allegation not specifically admitted herein.

**I.   JURISDICTION AND VENUE**

1.   Denied. The averments within Paragraph 1 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

2. Denied. The averments within Paragraph 2 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

3. Admitted in part; denied in part. It is admitted only that: (i) Plaintiff filed a Charge of Discrimination against the Company with the United States Equal Employment Opportunity Commission (the "**EEOC**") (EEOC Charge No. 410-2023-03262); and (ii) the EEOC ultimately issued a Notice of Right to Sue letter. The remaining averments within Paragraph 3 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

4. Denied. The averments within Paragraph 4 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

## II.   THE PARTIES

5. Admitted in part; denied in part. It is admitted only that, upon information and belief, Plaintiff is a citizen of the United States. The Company denies knowledge or information sufficient to form a belief as to the truth of the

remaining averments within Paragraph 5 of the Complaint and, therefore, they are denied.

6. Admitted.

7. Admitted in part; denied in part. It is admitted only that the Company's Registered Agent is CT Corporation System, with a physical address of 289 S Culver St., Lawrenceville, Georgia 30046-4805. The remaining averments within Paragraph 7 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

8. Denied. The averments within Paragraph 8 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

9. Denied. The averments within Paragraph 9 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

### III.   FACTUAL ALLEGATIONS

10. Denied. The averments within Paragraph 10 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

11. Denied.

12. Denied. The Company denies knowledge or information sufficient to form a belief as to the truth of the averments within Paragraph 12 of the Complaint and, therefore, they are denied.

13. Denied.

14. Denied. The Company denies knowledge or information sufficient to form a belief as to the truth of the averments within Paragraph 14 of the Complaint and, therefore, they are denied.

15. Denied as stated.

16. Admitted in part; denied in part. It is admitted only that the Company permitted Plaintiff to use a human translator at work when she desired. The term "interpreter" within Paragraph 16 of the Complaint is vague and ambiguous and, therefore, the remaining averments within Paragraph 16 of the Complaint are denied.

17. Denied. The Company denies knowledge or information sufficient to form a belief as to the truth of the averments within Paragraph 17 of the Complaint and, therefore, they are denied.

18. Denied as stated.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Admitted in part; denied in part. It is admitted only that Plaintiff continued to be assigned Megabus routes to work on behalf of the Company. All remaining averments within Paragraph 23 of the Complaint are denied.

24. Admitted in part; denied in part. It is admitted only that in April 2022, Plaintiff submitted a request to the Company for FMLA leave. The Company denies knowledge or information sufficient to form a belief as to the truth of the remaining averments within Paragraph 24 of the Complaint and, therefore, they are denied.

25. Denied. The Company denies knowledge or information sufficient to form a belief as to the truth of the averments within Paragraph 25 of the Complaint and, therefore, they are denied.

26. Admitted in part; denied in part. It is admitted only that Walt Dixon completed all the paperwork to approve Ms. Smith's requested FMLA leave and scheduled a meeting with her for May 27, 2022, to discuss her requested leave of absence. The remaining averments within Paragraph 26 of the Complaint are denied.

27. Admitted in part; denied in part. It is admitted only that on May 27, 2022, Ms. Smith drove a Megabus route on behalf of the Company. The Company denies knowledge or information sufficient to form a belief as to the truth of the remaining averments within Paragraph 27 of the Complaint and, therefore, they are denied.

28. Denied. The Company denies knowledge or information sufficient to form a belief as to the truth of the averments within Paragraph 28 of the Complaint and, therefore, they are denied.

29. Denied.

30. Denied. The Company denies knowledge or information sufficient to form a belief as to the truth of the averments within Paragraph 30 of the Complaint and, therefore, they are denied.

31. Denied. The Company denies knowledge or information sufficient to form a belief as to the truth of the averments within Paragraph 31 of the Complaint and, therefore, they are denied.

32. Denied. It is admitted only that when Plaintiff met with Mr. Dixon, he permitted her to have her requested interpreter – her husband – present for the meeting. All remaining averments within Paragraph 32 of the Complaint are denied.

33. Denied.

34. Denied.

35. Admitted in part; denied in part. It is admitted only that on May 27, 2022, Plaintiff used her cell phone while operating a Megabus vehicle filled with customers, in violation of Company policies and procedures and United States Department of Transportation ("**DOT**") regulations, warranting her immediate

termination. The remaining averments within Paragraph 35 of the Complaint are denied.

36. Denied. The Company denies knowledge or information sufficient to form a belief as to the truth of the averments within Paragraph 36 of the Complaint and, therefore, denies same.

37. Admitted in part; denied in part. It is admitted only that Plaintiff filed a Charge of Discrimination against the Company with the EEOC on November 18, 2022 (EEOC Charge No. 410-2023-03262). The remaining averments within Paragraph 37 of the Complaint are denied.

38. Admitted in part; denied in part. It is admitted only that the EEOC issued a Notice of Right to Sue letter for EEOC Charge. No. 410-2023-03262. The Company denies knowledge or information sufficient to form a belief as to whether "Plaintiff received her Dismissal and Notice of Rights" and, therefore, denies same. The remaining averments within Paragraph 38 of the Complaint are denied.

## IV.   CLAIMS FOR RELIEF

### COUNT I: ADA DISCRIMINATION

39. The Company re-alleges and incorporates by reference its responses to each of the allegations set forth above as if stated verbatim and in full herein.

40. Denied. The averments within Paragraph 40 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

41. Denied. The averments within Paragraph 41 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

42. Denied. The averments within Paragraph 42 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

43. Denied; and it is further denied that Plaintiff has a disability within the meaning of the ADA.

44. Denied; and it is further denied that Plaintiff "communicat[ed] these concerns" to the Company.

45. Denied. The averments within Paragraph 45 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

## COUNT II: FMLA INTERFERENCE

46. The Company re-alleges and incorporates by reference its responses to each of the allegations set forth above as if stated verbatim and in full herein.

47. Admitted in part; denied in part. It is admitted only that Plaintiff's requested FMLA leave was approved by the Company; however, her violation of Company policies and procedures and DOT regulations on the day that her leave was granted resulted in her termination. The remaining averments within Paragraph 47 of the Complaint are denied.

48. Denied. The averments within Paragraph 48 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

49. Denied. The averments within Paragraph 49 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied.

50. Denied; and it is further denied that the Company interfered with Plaintiff's rights under the FMLA or that Plaintiff is entitled to any form of relief whatsoever.

## COUNT III: FMLA RETALIATION

51. The Company re-alleges and incorporates by reference its responses to each of the allegations set forth above as if stated verbatim and in full herein.

52. Denied. The averments within Paragraph 52 of the Complaint state conclusions of law to which no response is required and, therefore, are denied.

53. Admitted in part; denied in part. It is admitted only that Plaintiff's requested FMLA leave was approved by the Company; however, her violation of Company policies and procedures and DOT regulations on the day that her leave was granted resulted in her termination. The remaining averments within Paragraph 53 of the Complaint are denied.

54. Denied. The averments within Paragraph 54 of the Complaint state conclusions of law to which no response is required and, therefore, are denied.

55. Denied. The averments within Paragraph 55 of the Complaint state conclusions of law to which no response is required and, therefore, are denied; to the extent factual, they are denied.

## PRAYER FOR RELIEF

56. Denied. The averments within the "WHEREFORE" clause of the Complaint and its subparagraphs (a) – (d) reflect a prayer for relief and state conclusions of law to which no response is required and, therefore, are denied; to the extent they are deemed factual, they are denied. It is specifically denied that Plaintiff is entitled to any form of relief whatsoever.

To the extent that a further response is deemed necessary, the Company denies any and all liability, prays that Plaintiff's Complaint be dismissed with prejudice and that the Court enter judgment in the Company's favor on all Counts of the Complaint, that the Company be awarded its costs and expenses in defending this

action, including attorneys' fees, and for such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Company asserts the following Affirmative Defenses to Plaintiff's Complaint without assuming the burden of proof of any issues as to which the burden of proof is on Plaintiff under applicable law:

### First Affirmative Defense

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims, or certain of them, are barred by the applicable statute of limitations.

### Third Affirmative Defense

Plaintiff is estopped and barred by Plaintiff's own conduct from requesting the relief set forth in the Complaint.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and waiver.

## Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to satisfy all conditions precedent to bringing the instant action, including, but not limited to, her failure to invoke or exhaust available complaint, investigation, dispute resolution, arbitration, appeal, protest, and/or other prerequisites to suit, and/or to the extent she failed to exhaust administrative remedies prior to asserting some or all of the claims in the instant action.

## Seventh Affirmative Defense

The Company has made good faith efforts to prevent discrimination and harassment in the workforce, and exercised reasonable care to prevent and correct promptly any unlawful behavior. To the extent that Plaintiff did not report conduct that Plaintiff perceived to be discriminatory or retaliatory, Plaintiff unreasonably failed to take advantage of the Company's preventative or corrective opportunities or to otherwise avoid harm, and Plaintiff cannot now recover on claims related to such conduct.

### Eighth Affirmative Defense

Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the Company to avoid harm or otherwise.

### Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because any damages suffered by Plaintiff were the result of acts or omissions of parties over which the Company had no control or circumstances over which the Company had no control.

### Tenth Affirmative Defense

Any and all actions taken by the Company, if any, with respect to Plaintiff's employment or terms and conditions thereof, were based upon legitimate, non-discriminatory and non-retaliatory business reasons, were taken without regard to disability or any purported engagement in protected activity, and were not pretextual.

### Eleventh Affirmative Defense

Plaintiff's claims and/or damages are barred on the grounds that, even if any decision concerning Plaintiff was based, in part, on grounds of unlawful discrimination or retaliation, which is not the case, the Company would have reached the same decision, absent any alleged discrimination or retaliation.

### Twelfth Affirmative Defense

If Plaintiff suffered any of the injuries, losses, and damages alleged in the Complaint, then said injuries, losses, and damages were a direct and proximate result of Plaintiff's own negligence or contributory conduct.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred inasmuch as, if Plaintiff were to prevail in the above-captioned matter, Plaintiff would be unjustly enriched.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damages as a result of any act or omission taken by the Company.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to the damages sought in the Complaint.

### Sixteenth Affirmative Defense

Plaintiff fails to allege facts sufficient to allow the recovery of punitive damages from the Company. Further, Plaintiff is not entitled to recover the punitive damages alleged in the Complaint because such an award would violate the Company's rights under the Constitution of the United States of America and the Constitution of the State of Georgia.

### Seventeenth Affirmative Defense

Plaintiff's damages, if any, are barred, in whole or in part, to the extent that Plaintiff failed to mitigate Plaintiff's damages.

### Eighteenth Affirmative Defense

Plaintiff's claims are baseless and without merit or legal foundation and, as a result, the Company is entitled to recover their reasonable attorneys' fees and costs incurred herein.

### Nineteenth Affirmative Defense

If any of the Company's employees engaged in any wrongful acts toward Plaintiff, said acts were outside the scope of the employee's employment with the Company and were independent, intervening, and unforeseeable acts that were not ratified, confirmed or approved by the Company and, therefore, cannot be attributed to or imputed to the Company.

### Twentieth Affirmative Defense

No penalty or liability under applicable law is appropriate because, at all relevant times, the Company did not willfully, knowingly, or intentionally fail to comply with any provision(s) of applicable law, but rather acted in good faith and had reasonable grounds for believing that they had not violated any provision(s) of applicable laws.

### Twenty-First Affirmative Defense

With respect to Plaintiff's demand for punitive damages, the Company specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decision of *BMW of North America v. Gore*, 116 U.S. 1589 (1996).

### Reservation

The Company hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend its Answer, and/or to otherwise assert such defenses.

### PRAYER FOR RELIEF

**WHEREFORE**, the Company denies all liability to Plaintiff and demands judgment in its favor, and against Plaintiff, together with interest, costs, attorneys' fees and such further relief as the Court deems just and proper.

Dated: March 25, 2024	Respectfully Submitted,

/s/*Nathan Huff*
Nathan Huff (Bar No. 275532)
K&L Gates LLP
430 Davis Drive, Suite 400
Morrisville, NC 27560
Tel.: (919) 314-5636
Fax: (919) 516-2045
Email: nate.huff@klgates.com

*Attorneys for Defendant*

## **FONT AND POINT CERTIFICATION**

The Undersigned counsel for plaintiff certifies that the within and foregoing DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 25th day of March, 2024.

/s/*Nathan Huff*
Nathan Huff (Bar No. 275532)
K&L Gates LLP
430 Davis Drive, Suite 400
Morrisville, NC 27560
Tel.: (919) 314-5636
Fax: (919) 516-2045
Email: nate.huff@klgates.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Court and served through the CM-ECF system to all counsel of record registered to receive a Notice of Electronic Filing for this case on the 25th day of March 2024.

> THE KIRBY G. SMITH LAW FIRM LLC
> Rachel B. Candfield
> 4488 North Shallowford Road, Suite 105
> Atlanta, GA 30338
> rbx@kirbygsmith.com


> /s/*Gwyn L. Martin*