# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| WILLINE SMITH, | § § § | |
| Plaintiff, | § § | Civil Action No.: |
| vs. | § § | 1:24-CV-00010-MLB-LTW |
| AMERICAN COACH LINES OF ATLANTA, INC., | § § § § | |
| Defendant. | § § § | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.    Description of Case:**

    **(a)    Describe briefly the nature of this action.**

This is an employment dispute in which Plaintiff, Willine Smith ("Plaintiff"), brings causes of action against Defendant, American Coach Lines of Atlanta, Inc. ("Defendant"), for disability discrimination in violation of the Americans with Disabilities Act ("ADA") and interference and retaliation in violation of the Family and Medical Leave Act ("FMLA").

Defendant denies that it has, in any way, violated any applicable laws, including, but not limited to the ADA and FMLA, and further denies that it committed any wrongdoing whatsoever as alleged in this matter.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff alleges that Defendant discriminated against her on the basis of her disability (deafness), interfered with her FMLA rights, and retaliated against her for requesting an FMLA leave of absence when it terminated her employment.

Defendant's position is that it had a legitimate, non-discriminatory reason for Plaintiff's termination – *i.e.*, her use of a cell phone while driving a Megabus filled with customers, in violation of company policy and United States Department of Transportation ("DOT") safety regulations.

Plaintiff argues that Defendant's reason is a mere pretext for discrimination, interference, and retaliation, which Defendant denies.

**(c) The legal issues to be tried are as follows:**

(1) Whether Defendant's decision to terminate Plaintiff violated the ADA;

(2) Whether Defendant's decision to terminate Plaintiff was to interfere with her FMLA rights, in violation of the FMLA; and

(3) Whether Defendant's decision to terminate Plaintiff was in retaliation for her requested FMLA leave, in violation of the FMLA.

**(d)** The cases listed below (include both style and action number) are:

**(1) Pending Related Cases:** N/A

**(2) Previously Adjudicated Related Cases:**

**2. This case is complex because it possesses one or more of the features listed below (please check):**

|     | (1)  | Unusually large number of parties |
| --- | ---- | --- |
|     | (2)  | Unusually large number of claims or defenses |
|     | (3)  | Factual issues are exceptionally complex |
|     | (4)  | Greater than normal volume of evidence |
|     | (5)  | Extended discovery period is needed |
|     | (6)  | Problems locating or preserving evidence |
|     | (7)  | Pending parallel investigations or action by government |
|     | (8)  | Multiple use of experts |
|     | (9)  | Need for discovery outside United States boundaries |
|     | (10) | Existence of highly technical issues and proof |
|     | (11) | Unusually complex discovery of electronically stored information |

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

    Plaintiff:    Kirby G. Smith
                    Rachel B. Candfield

>       The Kirby G. Smith Law Firm, LLC
>       4488 North Shallowford Road, Suite 105
>       Atlanta, GA 30338
>       Email: kgs@kirbygsmith.com
>       Email: rbc@kirbygsmith.com

> Defendant:   Nathan Huff
>              K&L Gates LLP
>              430 Davis Drive, Suite 400
>              Morrisville, NC 27560
>              Email: nate.huff@klgates.com

**4.     Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_____Yes    _X___ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.     Parties to This Action:**

**(a)    The following persons are necessary parties who have not been joined:** N/A

**(b)    The following persons are improperly joined as parties:** N/A

**(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:** N/A

**(d)    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.     Amendments to the Pleadings:**

4

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.**

   **(a)   List separately any amendments to the pleadings that the parties anticipate will be necessary:** The Parties do not anticipate any amendments to the pleadings at this time.

   **(b)   Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

7.   **Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

   (a)   *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

   (b)   *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

   (c)   *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

   (d)   *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8.   **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**9.     Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**
N/A


**10.    Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

- Plaintiff's alleged disability;
- A forensic examination of Plaintiff's phone;
- Plaintiff's alleged damages, including, but not limited to, her alleged compensatory damages and emotional and physical distress;
- Defendant's policies and procedures;
- Communications between Plaintiff and Defendant related to the allegations made in the Complaint;
- Communications between Plaintiff and third-persons related to the allegations made in the Complaint;
- Plaintiff's personnel file;
- Communications between responsible management officials regarding Plaintiff's termination;

6

- Communications between responsible management officials regarding Plaintiff's medical condition;
- Communications between responsible management officials regarding Plaintiff's FMLA request;
- Discipline given to similarly-situated employees; and
- Any other relevant information reasonably calculated to lead to the discovery of admissible evidence.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties request that this case be placed on an eight-month discovery track because Defendant intends to retain a third-party forensic examiner to pull relevant information from Plaintiff's cell phone.

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

**(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?** N/A.

**(b)    Is any party seeking discovery of electronically stored information?**

__X__ Yes          ____ No

**If "yes,"**

**(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

Defendant will request that Plaintiff provide her cell phone to a forensic examiner, who will make a forensic copy of her phone for

everything accessed, along with time and duration of access, on May 27, 2022.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The Parties agree to provide electronically stored information to one another in either PDF or native format, ensuring that metadata remains accessible.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

12. **Other Orders**:

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?** The Parties anticipate that they will need the Court to enter a Confidentiality Order in this matter.

13. **Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on April 9, 2024 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature): s/Kirby G. Smith

Other participants: _____

For defendant: Lead counsel (signature): s/Nathan Huff

Other participants: _____

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_X_) A possibility of settlement before discovery.
(_X_) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge is needed.
(_____) No possibility of settlement.

(c) Counsel (X) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is_____ , 20__.

(d) The following specific problems have created a hindrance to settlement of this case.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ____ day of _____, 20__.

(b) The parties (__X__) do not consent to having this case tried before a magistrate judge of this Court.

9

Respectfully submitted this 23rd day of April, 2024.

s/*Kirby G. Smith*
Kirby G. Smith
Rachel B. Canfield
The Kirby G. Smith Law Firm LLC
4488 North Shallowford Road,
Suite 105
Atlanta, GA 30338
Tel: (844) 454-7529
Fax: (877) 352-6253
Email: kgs@kirbygsmith.com

*Attorneys for Plaintiff*

s/*Nathan Huff*
Nathan Huff
K&L Gates LLP
430 Davis Drive, Suite 400
Morrisville, NC 27560
Tel.: (919) 314-5636
Fax: (919) 516-2045
Email: nate.huff@klgates.com

*Attorneys for Defendant*