# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| WILLINE SMITH, | § | Civil Action No.: 1:24-CV-00010-MLB-LTW |
| Plaintiff, | § | |
| vs. | § | |
| AMERICAN COACH LINES OF ATLANTA, INC., | § | |
| Defendant. | § | |

## INITIAL DISCLOSURES OF DEFENDANT
## AMERICAN COACH LINES OF ATLANTA, INC.

Defendant, American Coach Lines of Atlanta, Inc. ("**ACLA**"), by and through its counsel and pursuant to Federal Rule of Civil Procedure 26(a)(1), hereby provides its Initial Disclosures.

## I. PRELIMINARY STATEMENT

These Initial Disclosures are based on the information reasonably available and currently known to ACLA regarding disputed facts alleged within this action. To the best of ACLA's knowledge, information and belief, these disclosures are complete and correct as of the date they are made. ACLA anticipates obtaining additional facts, identifying additional persons who may have knowledge relevant to the issues in this action, and identifying additional documents relevant to the

factual disputes in this action through its continuing pretrial investigation and through discovery propounded or to be propounded.

ACLA reserves the right to revise, supplement or amend these Initial Disclosures based upon any information, evidence, documents, facts or things which hereafter may be discovered, or the relevance of which may hereafter be discovered. ACLA also reserves the right to produce, introduce or rely upon additional or subsequently acquired or discovered writings, evidence and information at trial or in any proceedings held in this matter.

Notwithstanding the identification of certain individuals, information, and documents, ACLA does not waive and hereby expressly preserves all privileges and other legal protections, including, but not limited to, the attorney work product doctrine, the attorney-client privilege, or any other privilege or immunity. Further, any information or documents provided by ACLA in connection with these disclosures is subject to all objections as to competence, relevance, materiality, admissibility, and to any other objections that would require the exclusion thereof if such information were offered into evidence. Subject to the foregoing, ACLA provides the following Initial Disclosures:

## ACLA'S INITIAL DISCLOSURES

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended

summons and complaint reflecting the information furnished in this disclosure response.

ACLA is properly identified in this lawsuit.

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

At this time, ACLA does not contend that there are any necessary parties to this action. ACLA reserves the right to name necessary parties should they become known to ACLA in discovery.

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

Plaintiff, Willine Smith ("**Ms. Smith**"), alleges in her Complaint that ACLA discriminated against her on the basis of disability (deafness) when it terminated her employment after receiving photographic evidence that she violated ACLA and United States Department of Transportation ("**DOT**") safety regulations by using her cell phone while driving a Megabus. The DOT makes it the duty of motor carriers (*i.e.*, ACLA) to ensure that its commercial motor vehicle drivers (*i.e.*, Ms. Smith) comply with DOT conduct rules and regulations, including, but not limited to, the DOT's strict prohibition against the use of cell phones while operating a commercial motor vehicle. This rule is in place to ensure the health and safety of the driver, passengers, and others on the road. Despite acknowledging her receipt and review of ACLA's policy prohibiting cell phone use while driving, Ms. Smith placed her cell phone within easy reach while driving her Megabus and accessed her phone repeatedly while transporting customers. ACLA routinely terminated employees for a single violation of its cell phone policy, and immediately terminated Ms. Smith.

Contrary to Ms. Smith's allegations, the documentary evidence shows that: (1) she never made a request for a disability-related accommodation, as is her burden under the law; (2) ACLA never denied her use of an interpreter; instead, regularly permitting her to use an interpreter at her discretion; (3)

3

ACLA set a meeting to approve her request for leave under the Family and Medical Leave Act ("**FMLA**"), but received information that day that she violated the cell phone policy; (4) she never engaged in ADA "protected activity;" and (5) regardless, Ms. Smith was terminated for a legitimate, non-discriminatory and non-retaliatory reason -- her violation of the cell phone policy, of which ACLA has photographic and video evidence. For the reasons set forth above, coupled with the fact that her similarly-situated comparators without disabilities were terminated for engaging in the same exact misconduct, Ms. Smith's claims fail as a matter of law.

This recitation of the factual bases supporting ACLA's defenses as set forth in its Answer to the Complaint is intended to serve as a brief overview of ACLA's position. ACLA reserves the right to amend, supplement, or revise this disclosure as discovery progresses.

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

At this time, ACLA identifies the following statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law. The following is not intended to be an all-encompassing list of the legal principles and precedent that may be applicable to this matter and later used by ACLA to defend itself in this lawsuit:

- The Americans with Disabilities Act of 1990
- The Family and Medical Leave Act of 1993
- 29 C.F.R. § 1630.15
- 29 C.F.R. § 1630.9
- 42 U.S.C. §12111
- 42 U.S.C. § 12112
- 42 U.S.C. § 12203
- 49 C.F.R. § 390.11
- 49 C.F.R. § 390.37
- 49 C.F.R. § 392.82
- *Collado v. United Parcel Serv., Co.*, 419 F.3d 1143, 1145 (11th Cir. 2005)
- *Davis v. Fla. Power & Light Co.*, 205 F.3d 1301, 1305 (11th Cir. 2000)

- *Demers v. Adams Homes of Nw. Fla., Inc.*, 321 F. App'x 847, 852 (11th Cir. 2009)
- *E.E.O.C. v. Eckerd Corp.*, Case No.: 1:10-CV-2816, 2012 WL 2726766, at *4 (N.D. Ga. July 9, 2012).
- *Frazier-White v. Gee*, 818 F.3d 1249, 1258 (11th Cir. 2016)
- *Gaston v. Bellingrath Gardens & Homes, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999)
- *Garrow v. Wells Fargo Bank, N.A.*, Civil Action No. 15-1468, 2016 WL 5870858, at *9 (E.D. Pa. Oct. 7, 2016)
- *Hollingsworth v. R. Home Prop. Mgmt., LLC*, 498 F. Supp. 3d 590, 610 (E.D. Pa. 2020)
- *Lee v. GTE Fla., Inc.*, 226 F.3d 1249, 1253 (11th Cir. 2000)
- *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973)
- *Peters v. Mount Sinai Hosp.*, Case No.: 08-CV-7250, 2010 WL 1372686, at *13 (S.D.N.Y. Mar. 30, 2010)
- *Stevens v. S. Nuclear Operating Co., Inc.*, 209 F. Supp. 3d 1372, 1379 (S.D. Ga. 2016)
- *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997)
- *Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 165 (5th Cir. 1996)
- *Vaughn v. FedEx Freight, Inc.*, 421 F. Supp. 3d 1302, 1310 (N.D. Al. 2019)

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

ACLA believes that the following individuals may have discoverable information that ACLA may use to support each of its claims or defenses, respectively, in this action.

| Name | Address/Telephone | Subject(s) |
|---|---|---|
| Plaintiff Willine Smith | Rachel B. Candfield<br>The Kirby G. Smith Law Firm, LLC<br>4488 North Shallowford Road, Suite 105<br>Atlanta, GA 30338<br>*Attorneys for Plaintiff* | Plaintiff has knowledge regarding, among other things, the allegations in her Complaint and her purported damages. |
| Kathy Pope, Operations Manager | Cecilia R. Ehresman<br>K&L GATES LLP<br>134 Meeting Street<br>Charleston, SC 29466<br>(843) 579-6602<br>Cecilia.ehresman@klgates.com<br>*Attorneys for Defendant* | Ms. Pope may have discoverable information regarding, among other things, Plaintiff's tenure with ACLA, the terms and conditions of Plaintiff's employment with ACLA, Plaintiff's Megabus engagement and route, Plaintiff's job performance while employed with ACLA, Plaintiff's termination, ACLA's operations, and the allegations in the Complaint. |

ACLA reserves the right to identify additional individuals likely to have discoverable information regarding the allegations set forth in the Complaint as discovery progresses, and to call as a witness in this case any individual likely to have discoverable information named by either party.

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report

satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

>ACLA has not yet identified an expert to testify in this matter. Should an expert be needed and obtained, ACLA will supplement its response to this disclosure.

(7)  Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

>ACLA has in its possession, custody or control non-privileged documents, electronically stored information, and tangible things that it may use to support its claims and/or defenses to this action that may be described as follows:
>
>  1. Communications between Plaintiff and ACLA related to the allegations made in the Complaint;
>  2. Communications between ACLA and third-persons related to the allegations made in the Complaint;
>  3. Plaintiff's personnel file;
>  4. Video and photographic evidence of Plaintiff's use of a mobile phone while operating a Megabus;
>  5. Employee Handbook.
>
>ACLA reserves the right to identify other categories of documents, electronically stored information, and tangible things in its possession, custody or control.

(8)  In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

N/A

(9)     If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

N/A

(10)    Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

N/A

Respectfully submitted this 24th day of April, 2024.

/s/*Nathan Huff*
Nathan Huff (Bar No. 275532)
K&L Gates LLP
430 Davis Drive, Suite 400
Morrisville, NC 27560
Tel.: (919) 314-5636
Fax: (919) 516-2045
Email: nate.huff@klgates.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Court and served through the CM-ECF system to all counsel of record registered to receive a Notice of Electronic Filing for this case on the 24th day of April, 2024.

  THE KIRBY G. SMITH LAW FIRM LLC
  Rachel B. Candfield
  4488 North Shallowford Road, Suite 105
  Atlanta, GA 30338
  rbx@kirbygsmith.com


        /s/*Gwyn L. Martin*